NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1132
_____

KERRY JOHNSON;
SHARON ANDERSON, on behalf of themselves
and all others similarly situated

v.

GEICO CASUALTY COMPANY; GEICO GENERAL INSURANCE COMPANY;
GEICO INDEMNITY COMPANY; GOVERNMENT EMPLOYEES INSURANCE
COMPANY; CRITERION INSURANCE AGENCY INC; COLONIAL COUNTY
MUTUAL INSURANCE; GEICO CORPORATION

Sharon Anderson,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-06-cv-00408)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2016

Before:  AMBRO, SMITH[1] and FISHER, *Circuit Judges*.

(Filed: November 29, 2016)

---

[1] Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit,
assumed Chief Judge status on October 1, 2016.

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

Sharon Anderson and Kerry Johnson filed this putative class action for damages after GEICO processed their medical bills for reimbursement under a Delaware insurance policy and denied full repayment. A class was certified with Sharon Anderson as the class representative, but the District Court ultimately issued a series of orders in which it: (1) granted summary judgment in favor of GEICO on the majority of Anderson's claims; (2) decertified the class; (3) denied a motion for two parties to intervene and substitute as class representatives; and (4) entered final judgment in favor of the Defendants. For the reasons that follow, we will affirm.

I.

Sharon Anderson was involved in a car accident on August 3, 2004. She had a Delaware Personal Injury Protection ("PIP") policy with GEICO, which was regulated by state law and provided no fault insurance coverage for motor vehicle accidents. On August 5, 2004, Anderson sought treatment for her injuries, complaining of mild neck and back pain and headaches. On June 13, 2005, she returned to her doctor, claiming exacerbation of that pain, and was prescribed twelve physical therapy visits. Her medical

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

providers submitted claims to GEICO, and GEICO processed her bills through its automated claims handling system.

Within that system, GEICO utilizes several rules to assist in determining which medical expenses are reimbursable and two of those rules denied full repayment of Anderson's bills. The first—the geographic reduction rule—defines a reasonable, and therefore reimbursable, charge as one that does not exceed the 80th percentile of charges by similar providers in the same geographic area during the same time frame. The second rule—the passive modality rule—flags certain Current Procedural Terminology ("CPT") codes, such as ultrasound or physical therapy, claimed on medical bills more than eight weeks after the date of the accident.

For the June 13, 2005 doctor's visit, GEICO reduced Anderson's bill by $31 based on the geographic reduction rule. For her physical therapy, GEICO denied payment for bills totaling more than $1,000 based on the passive modality rule. Eventually, the medical providers billed Anderson for the unpaid balance and sent her bills to a collection agency. Anderson was forced to pay those bills, and on April 19, 2006, Anderson and Johnson sued GEICO in the Superior Court of Delaware alleging that GEICO's automated claims processing system delayed or denied full payment of PIP benefits in violation of Delaware Law and GEICO's insurance policies. The case was removed to the District of Delaware pursuant to 28 U.S.C. § 1332(d)(2).

After the District Court granted Plaintiffs leave to amend their complaint and

3

denied Defendants' motion to dismiss, the parties began discovery. During discovery, GEICO learned that Anderson had flare-ups of pain in her neck caused by cold weather and had also received a temporary handicap car sticker for low back problems and severe walking limitations before the accident. GEICO deposed Sharon Anderson's doctor, Horatio Jones, who testified that (1) it was possible that her pain was not related to her accident but merely a natural progression of a preexisting condition; and (2) that no insurer paid what he charged for her June 13, 2005 visit.

On June 9, 2009, Plaintiffs filed a second amended complaint, alleging seven counts, including claims for: (1) declaratory judgment; (2) breach of contract; (3) bad faith breach of contract; (4) breach of the duty of good faith and fair dealing; (5) common law fraud; (6) consumer fraud; and (7) tortious interference with contract.[2] On December 30, 2009, the District Court certified two classes—one for passive modality claims and one for geographic reduction claims—as to counts three, four, and six of the complaint. In the certification order, Anderson was appointed as the named representative for both classes.[3]

Discovery continued, and Defendants moved for summary judgment on Sharon Anderson's individual claims pursuant to Federal Rule of Civil Procedure 56. In a series of orders, the District Court granted summary judgment in favor of GEICO on Anderson's claims for: (1) statutory penalties under 21 Del. C. § 2118B; (2) consumer

---

[2] J.A. 5.

[3] *See Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 255 (D. Del. 2009).

fraud; (3) tortious interference with contract; (4) breach of contract; (5) bad faith breach of contract; and (6) breach of the covenant of good faith and fair dealing.[4] Subsequently, the District Court denied plaintiffs motion to reconsider its prior orders and dismissed Anderson's count for declaratory relief.[5]

Defendants moved to decertify the two classes, whereupon Plaintiffs filed a motion for two parties to intervene as class representatives. On September 24, 2015, the District Court denied Plaintiffs' motion to intervene on the ground that neither of the proposed intervenors, who were both health care providers, was a member of the certified class.[6] The Court also granted Defendants' motion to decertify the class as to all three certified counts, noting that several developments in the case, particularly submissions related to damages, revealed that Rule 23(b)(3)'s predominance requirement could not be satisfied.[7]

The parties stipulated to the dismissal of Kerry Johnson's claims and the remaining claim (common law fraud) of Sharon Anderson on December 18, 2015. The District Court entered final judgment on December 21, 2015.[8] This appeal followed.

II.

---

[4] J.A. 5-25.
[5] J.A. 26-36.
[6] J.A. 43-44.
[7] J.A. 44-54.
[8] J.A. 56.

The District Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2), and this Court has jurisdiction over the District Court's final judgment as well as all previous non-final orders pursuant to 28 U.S.C. § 1291.[9] "We exercise plenary review over a grant of summary judgment" applying the same standard as the district court.[10] In so doing, we "must review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."[11] "We review the denial of a motion to intervene pursuant to Rule 24 for abuse of discretion."[12] Finally, we "review the District Court's decisions on class certification for abuse of discretion."[13]

## III.

On appeal, Anderson raises seven issues. Her first five arguments are that the District Court erred in granting summary judgment on her claims for breach of contract, bad faith breach of contract, breach of the covenant of good faith and fair dealing, tortious interference, and statutory penalties under 21 Del. C. § 2118B. Sixth, she argues that the District Court abused its discretion in denying Plaintiffs' motion to allow two parties to intervene and serve as class representatives. Finally, she argues that the District

[9] *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010) ("[B]ecause 'only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings.'" (quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1253 (3d Cir. 1977))).

[10] *Interstate Outdoor Advert., L.P. v. Zoning Bd. of Twp. of Mt. Laurel*, 706 F.3d 527, 529 (3d Cir. 2013).

[11] *Shelton v. Bledsoe*, 775 F.3d 554, 559 (3d Cir. 2015).

[12] *United States v. Territory of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014).

[13] *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 184 (3d Cir. 2006) (quoting *Chiang v. Veneman*, 385 F.3d 256, 264 (3d Cir. 2004)).

Court abused its discretion in decertifying both classes. We consider each argument in turn and will affirm for the reasons given below.

A.

Anderson first argues that the District Court erred in granting summary judgment on her breach of contract claim because GEICO waived its causation defense and the Court could not grant summary judgment on that basis. We disagree. First, GEICO has not waived its causation defense—while "a PIP carrier is precluded from shifting its position on defense of a denial after the 30 days expires," Delaware courts recognize an exception to that rule of preclusion when the "carrier asserts that the claimant's alleged injury does not arise out of an insured incident."[14] Second, even if GEICO had waived its causation defense, to establish a breach of contract a Plaintiff must prove: "(1) the existence of a contract, (2) the breach of an obligation imposed by the contract, and (3) damages that the plaintiff suffered as a result of the breach."[15] Because Anderson's policy with GEICO only covered reasonable and necessary medical expenses, and "[t]here is nothing in the record . . . to show that the Plaintiff's treatment was a reasonable and necessary medical expense,"[16] we cannot find that there was sufficient evidence from

---

[14] *Spine Care Del., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 04C-04-264, 2007 WL 495899, at *2 (Del. Super. Ct. Feb. 5, 2007).

[15] *eCommerce Indus., Inc. v. MWA Intelligence, Inc.*, No. 7471, 2013 WL 5621678, at *13 (Del. Ch. Sept. 30, 2013).

[16] J.A. 19.

which a reasonable jury could find that GEICO breached its contract with her. Accordingly, the District Court properly granted summary judgment on this claim.

B.

Next, Anderson argues that the District Court erred in granting summary judgment on her bad faith breach of contract claim because defendants engaged in bad faith when they denied claims based on arbitrary and undisclosed claims processing rules. Assuming GEICO engaged in bad faith, Anderson is correct that bad faith is actionable under Delaware law as a breach of contract.[17] Nonetheless, a plaintiff must make out the other elements of a breach of contract claim including damages.[18] Because she failed to put forth sufficient evidence from which a jury could conclude that her injuries were caused by her accident rather than her preexisting condition, a reasonable jury could not find that GEICO's breach caused her damages and the District Court properly concluded that GEICO is entitled to summary judgment on this claim.

C.

Under Delaware Law, an implied covenant of good faith and fair dealing attaches to every contract and "requires 'a party in a contractual relationship to refrain from

---

[17] *See, e.g.*, *Tackett v. State Farm Fire & Cas. Ins. Co.*, 653 A.2d 254, 256 (Del. 1995).

[18] *See id.* at 256 (denying recovery for bad faith breach of contract claim where there was no "accompanying . . . injury"); *AQRS India Private v. Bureau Veritas Holdings Inc.*, No. 4021, 2009 WL 1707910, at *11 (Del. Ch. June 16, 2009) ("Absent a contractual provision dictating a standard of conduct, there is no legal difference between breaches of contract made in bad faith and breaches of contract not made in bad faith.").

arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits' of the bargain" by "taking advantage of [its] position to control implementation of the agreement's terms."[19] In its decision below, the District Court properly determined that GEICO was entitled to summary judgment on this claim for the same reasons GEICO was entitled to summary judgment on Anderson's prior two claims. The "fruit of the bargain" was the prompt payment of reasonable and necessary medical expenses caused by a car accident, and, insofar as Anderson has failed to offer sufficient evidence for a reasonable jury to find that her expenses were reasonable, necessary, or caused by her accident, no reasonable jury could find that she was prevented from receiving the "fruits of the bargain" to prevail on this claim.[20]

## D.

On her tortious interference with contract claim, Anderson maintains that the District Court erred in granting summary judgment because GEICO's refusal to pay her bills made her performance more "expensive or burdensome" within the meaning of

---

[19] *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (quoting *Wilgus v. Salt Pond Inv. Co.*, 498 A.2d 151, 159 (Del. Ch. 1985)).

[20] In addition, as the District Court noted below, we cannot reform her contract to prohibit the use of GEICO's claims processing rules because Anderson has not offered any evidence of the parties' intent at the time of contracting for us to conclude that one of the fruits of the contract was review of her claim without those rules. *See Winshall v. Viacom Int'l., Inc.*, 76 A.3d 808, 816 (Del. 2013) ("The implied covenant of good faith and fair dealing cannot properly be applied to give the plaintiffs contractual protections that 'they failed to secure for themselves at the bargaining table.'"); *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010) ("[W]e must assess the parties' reasonable expectations at the time of contracting and not rewrite the contract to appease a party who later wishes to rewrite a contract he now believes to have been a bad deal.").

Section 766A of the Second Restatement of Torts.[21] We disagree. Viewing the evidence in the light most favorable to Anderson, there is not sufficient evidence from which a jury could conclude that: (1) GEICO took any action to prevent her from paying her bills; or (2) GEICO's refusal to pay her bills increased the cost for her to obtain medical services.[22] Moreover, the alleged interference is GEICO's breach of its contract with her and a party cannot be held liable for tortiously interfering with a contract to which it is a party.[23]

E.

Likewise, the District Court properly granted summary judgment on Anderson's claim for statutory penalties under 21 Del. C. § 2118B(c). That provision provides a cause of action for a "claimant" to recover statutory interest and unpaid benefits if an insurer fails to process claims properly within a specified period. Contrary to Anderson's claims, Delaware courts have not defined "claimant" as the person specified in a contract or the party liable for unpaid bills. Instead, Delaware has defined "claimant" as the party

---

[21] For the purposes of our review, we assume, without deciding that § 766A creates a cause of action under Delaware law.

[22] We recognize that she had to pay a greater portion of the cost of her medical expenses than she would have paid if GEICO fully reimbursed her medical providers. However, that is different than increasing the cost for her to obtain medical services.

[23] *See, e.g., Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 885 (Del. Ch. 2009).

who submits the bill to and receives payment from the insurance company.[24] Insofar as "Defendants provide[d] . . . ample documentation both that the claims were made by the various medical providers and that the claims were paid directly to the various medical providers,"[25] no reasonable jury could find that Anderson was the "claimant" with standing to bring this statutory claim, and GEICO is thus entitled to summary judgment.

F.

Next, we affirm the order of the District Court denying Plaintiffs' motion to allow two medical providers to intervene and serve as class representatives. While a court may grant leave to substitute new representatives when a named class representative becomes inadequate,[26] a class representative "must be part of the class and possess the same interest and suffer the same injury as the class members."[27] Assuming Anderson is right that the class definition in this case is broad enough to encompass medical providers, the District Court did not abuse its discretion in concluding that the class was limited to policyholders when: (1) no medical provider was ever identified in the class; (2) the case had been litigated on behalf of GEICO policyholders for nine years; (3) Plaintiffs

---

[24] *Sammons v. Hartford Underwriters Ins. Co.*, No. S09C–12–026, 2011 WL 6402189, at *3 (Del Super. Ct. Dec. 12, 2011) ("Common sense dictates that [the party] who submitted the claim" is the claimant who "receives any statutory damages."). On this issue as well, we assume, without deciding, that this is the law in Delaware.

[25] J.A. 9.

[26] *See, e.g.*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 124-25 (3d Cir. 1985) (finding that no qualified class representative existed but instructing district court to explore "possibility of intervention by qualified class representatives.").

[27] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted).

11

described the class as GEICO policyholders when they opposed decertification; and (4) most of the counts were claims deriving from a policyholder's insurance contract.[28]

G.

Finally, the District Court did not abuse its discretion in decertifying the class. "District Courts are required to reassess their class rulings as the case develops" to ensure that the class satisfies Rule 23.[29] And here, the District Court properly "consider[ed] the substantive elements of the plaintiffs' case in order to envision the form that a trial on those issues would take"[30] when it concluded that Federal Rule of Civil Procedure 23(b)(3)'s predominance requirement was no longer satisfied. While Anderson argues that predominance is satisfied because a plaintiff would not need to prove that a class member's bills were reasonable and necessary under the substantive law, as the District Court noted and our analysis of the substantive claims reveals, individual proof of reasonableness, necessity, or causation would be required for a class member to prevail under the certified causes of action. Given those individualized inquiries, the individualized issues relating to the calculation of damages,[31] and the fact that "[t]he trial

---

[28] *See* J.A. 43.

[29] *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3d Cir. 1998).

[30] *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316-17 (3d Cir. 2008) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir. 2001)).

[31] On this issue, Plaintiffs argue that any individualized issues could be eliminated by ordering GEICO to reprocess the claims. Since that argument was not properly before the District Court, we cannot say that the District Court abused its discretion in finding individualized issues relating to the calculation of damages. J.A. 53.

court . . . possesses broad discretion to control proceedings and frame issues for consideration under Rule 23,"[32] we cannot find that the District Court abused its discretion when it concluded that Rule 23's predominance requirement was no longer satisfied and decertified this class.

## IV.

For the reasons set forth above, we will affirm.

---

[32] *In re Hydrogen Peroxide*, 552 F.3d at 310.