# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

YVONNE GREEN, WILMINGTON )
PAIN & REHABILITATION CENTER, )
and REHABILITATION ASSOCIATES, )
P.A., on behalf of themselves and all )
others similarly situated, ) C.A. No.: N17C-03-242 EMD CCLD
)
      Plaintiffs, )
)
      v. )
)
GEICO GENERAL INSURANCE )
COMPANY, )
)
      Defendant. )

Submitted: September 13, 2019
Decided: September 23, 2019

**ORDER GRANTING DEFENDANT GEICO GENERAL INSURANCE COMPANY'S
APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
OF THIS COURT'S OPINION GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION**

This 23rd day of September, 2019, upon consideration of Defendant GEICO General

Insurance Company's Application for Certification of Interlocutory Appeal of This Court's

Opinion Granting Plaintiffs' Motion for Class Certification (the "Motion") filed by Defendant

GEICO General Insurance Company ("GEICO") on September 5, 2019; Plaintiffs' Response to

Defendant GEICO General Insurance Company's Application for Certification of Interlocutory

Appeal of This Court's Opinion Granting Plaintiffs' Motion for Class Certification (the

"Response") filed by Yvonne Green, Wilmington Pain & Rehabilitation Center and

Rehabilitation Associates, P.A., on behalf of themselves and others similarly situated

(collectively, the "Plaintiffs") on September 13, 2019; the Court's decision dated August 27,

2019 (the "Opinion"); Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record,

the Court **GRANTS** the Motion and enters this Order certifying an interlocutory appeal of the Opinion:

## BACKGROUND

The Plaintiffs filed suit against GEICO. As alleged, GEICO uses two computerized models (collectively, the "Rules") to evaluate personal injury protection ("PIP") claims of its insureds. The Plaintiffs argue that GEICO uses the Rules to deny valid claims without evaluating the facts underlying the claims. The Plaintiffs seek certification of a class action under Superior Court Civil Rule 23.

As part of the Civil Rule 23 process, the Plaintiffs filed their Plaintiffs' Motion for Class Certification (the "Class Motion"). After extensive briefing and a one-day hearing where the parties presented evidence and arguments on May 10, 2019, the Court issued the Opinion. The Opinion grants the relief sought in the Class Motion. GEICO noted an interlocutory appeal of the Opinion on September 6, 2019.

Previously, on September 5, 2019, the Plaintiffs submitted a proposed implementing order (the "Proposed Order"). GEICO has opposed entry of the Proposed Order, arguing that the Proposed Order is merely a disguised motion to reconsider the Opinion. The Plaintiffs have countered and contended that, under Superior Court Civil Rule 23(d), the Court has broad authority to manage "the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument" and "to deal [] with similar procedural matters. The orders…may be altered or amended as may be desirable from time to time.[1]

---

[1] Del. Super. R. Civ. P. 23(d).

Given that GEICO noted an appeal, the Court does not feel it is appropriate to address the Proposed Order. The Court is concerned with jurisdictional issues based on the appeal and Rule 42. The Court is apprehensive, though, that GEICO's appeal is premature given that the Court has not addressed issues like "claimant classes," "class representatives" and "class counsel" (the "Open Issues")—all of which the Court anticipated dealing with subsequent to issuing the Opinion. As such, the Supreme Court may not have an entire record to review on appeal and any decision may warrant remand to address the Open Issues.

## APPLICABLE STANDARD

Rule 42(b) dictates the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2] In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[3] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[4] "If the balance

---

[2] Del. Supr. Ct. R. 42(b)(i).
[3] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether;
  (A) The interlocutory order involves a question of law resolved for the first time in this State;
  (B) The decisions of the trial courts are conflicting upon the question of law;
  (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
  (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
  (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
  (F) The interlocutory order has vacated or opened a judgment of the trial court;
  (G) Review of the interlocutory order may terminate the litigation; or
  (H) Review of the interlocutory order may serve considerations of justice.
  *See* Del. Supr. Ct. R. 42(b)(iii).
[4] *Id.*

[of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[5]

## DISCUSSON

The Court does not agree with many contentions in the Motion. GEICO continually attempts to "recharacterize" the pleadings in this civil action to fit a situation previously addressed by this Court and the United States District Court for the District of Delaware. The Plaintiffs, however, have crafted a complaint and asserted claims recognized as potentially valid by this Court and adopted by, among others, the United States District Court for the District of New Jersey. The Court previously addressed those legal issues in GEICO's motion to dismiss (the "MTD") the Plaintiffs' Amended Complaint. The Court denied the MTD in an opinion issued on April 24, 2018 (the "MTD Opinion"). GEICO noted an interlocutory appeal of the MTD Opinion, however, *the Supreme Court denied GEICO's request for an interlocutory appeal.* Accordingly, the Court does not believe that Rule 42(b)(iii)(A)-(F) criterion apply.

Instead, the Court is granting the Motion and entering this Order certifying an interlocutory appeal because the Opinion: (i) "decides a substantial issue of material importance that merits appellate review before a final judgment;"[6] and (ii) implicates Rule 42(b)(iii) (G) and (H).

### SUBSTANTIAL ISSUE

The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[7] The focus, here, is not on the merits of legal arguments, but rather on whether the trial court's decision determined a substantial issue. This case involves

---

[5] *Id.*
[6] *Id.* 42(b)(i).
[7] *Id.*

the application of 21 *Del. C.* § 2118 to GEICO's Rules through a Civil Rule 23 class action. The Opinion is not addressing a minor issue like a discovery dispute, but rather the viability of class certification. The Court concludes, therefore, that the substantial issue criterion is met in GEICO's request for certification.

### LEGAL RIGHT

A legal right is established when a court determines an issue essential to the positions of the parties regarding the merits of the case, *i.e.*, "where one of the parties' rights has been enhanced or diminished as a result of the order."[8] Arguably, the Opinion does not determine an essential issue regarding the merits of the case. The Court notes that the Opinion addresses the Plaintiffs' request to certify classes and not the validity of the claims asserted in Plaintiffs' Amended Complaint.

### RULE 42(b)(iii)

Even if the Court finds that GEICO satisfied the substantial issue of material importance requirement, GEICO must also meet at least one of the requirements of Rule 42(b)(iii). Here, the Court finds that the Motion meets at least one of the Rule 42(b)(iii)(A)-(H) criterion.

The Court cannot find that the Opinion involves a question of law resolved for the first time in Delaware under Rule 42(b)(iii)(A) and (B). Despite GEICO's contentions, the Opinion merely allows the Plaintiffs to proceed under Civil Rule 23. This is hardly novel in Delaware.

The Court has already addressed the validity of the claims pled by the Plaintiffs and GEICO's purported split in trial court opinions on those claims. In the MTD Opinion, the Court addressed: (i) whether the Amended Complaint was well pled; and (ii) the applicability of *Wilmington Pain & Rehab. Ctr., P.A. v. USAA Gen. Indem. Ins. Co.*[9] and *Johnson v. Geico*

---

[8] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. Sept. 26, 2007).
[9] 2017 WL 8788707, at *7 (Del. Super. Oct. 17, 2017)(Jurden, P.J.), *appeal refused,* 176 A.3d 124 (Del. 2017).

*Casualty Co.*[10]  As noted above, the Supreme Court did not accept an interlocutory appeal of the MTD Opinion.

Arguably, the Opinion could be seen to relate to the "construction, or application of a statute of this State, [21 *Del. C.* § 2118,] which has not been, but should be, settled by this Court in advance of an appeal from a final order."[11]  However, the Opinion does not substantially go into the construction or application of 21 *Del. C.* § 2118 to the Amended Complaint's claims. The Court addressed whether the Plaintiffs could proceed as a class under Civil Rule 23.  GEICO attacked the viability of the Amended Complaint in the MTD, the Court addressed that in the MTD Opinion and the Supreme Court refused a request for interlocutory appeal of the MTD Opinion.

The Court does find that the Motion meets the criterion of Rule 42(b)(iii)(G) and (H). The Opinion follows similar decisions of the Federal District Courts.[12]  However, such a class has never been certified in Delaware.  *Wilmington Pain & Rehab. Ctr., P.A.* discussed its availability but did not rule upon it.[13]  A decision by the Supreme Court on the viability of the type of classes certified in the Opinion could serve to terminate the class portion of this litigation.[14]  The Court believes this because if GEICO is right on appeal and the Plaintiffs cannot proceed as a class, then both forms of class certification—the one advanced in *Wilmington Pain & Rehab. Ctr., P.A.* and the one advanced in the Amended Complaint—with respect to the Rules will not be available in Delaware.  This does not mean that the entire litigation will terminate as the Plaintiffs would still be able to proceed on the Amended

---

[10] *Johnson v. GEICO Casualty Co.*, 310 F.R.D. 246, 254 (D. Del. 2015), *aff'd*, 672 Fed. Appx. 150 (3d Cir. 2016).
[11] Rule 42(b)(iii)(C).
[12] *See, e.g., DeMaria v. Horizon Healthcare Servs., Inc.*, 2015 WL 3460997, at *7 (D.N.J. June 1, 2015).
[13] 2017 WL 8788707, at *7.
[14] Rule 42(b)(iii)(G).

Complaint, just not under Civil Rule 23. The Court finds that Rule 42(b)(iii)(H) is necessarily implicated because of the analysis relating to Rule 42(b)(iii)(G). In other words, determining whether the type of class certified in the Opinion is available in Delaware, will serve the considerations of justice.

As stated above, the Court is concerned that without the Proposed Order (or a modified Proposed Order) the Supreme Court may be addressing an interlocutory appeal not fully formed or defined. However, the Court feels that addressing the Proposed Order is jurisdictionally problematic since GEICO noted the interlocutory appeal prior to any action on the Proposed Order.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 sought under the Motion is **GRANTED.**

Dated: September 23, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress

7